UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOB COFFEY, LORETTA CORN, ) <br> AND LARRY AND MARY ELLEN JONES, ) <br> INDIVIDUALLY AND ON BEHALF OF ) <br> ALL OTHERS SIMILARLY SITUATED, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> FREEPORT-MCMORAN COPPER ) <br> & GOLD INC.; PHELPS DODGE ) <br> CORPORATION; CYPRUS AMAX ) <br> MINERALS COMPANY; AMAX, INC. f/k/a ) <br> AMERICAN METAL CLIMAX, INC. f/k/a ) <br> THE AMERICAN METAL COMPANY; ) <br> BLACKWELL ZINC COMPANY, INC.; ) <br> BLACKWELL INDUSTRIAL AUTHORITY; ) <br> and BNSF RAILWAY COMPANY f/k/a ) <br> BURLINGTON NORTHERN INC. f/k/a ) <br> BURLINGTON NORTHERN RAILROAD ) <br> COMPANY f/k/a THE BURLINGTON ) <br> NORTHERN and SANTA FE RAILWAY ) <br> COMPANY, ) <br> ) <br> DEFENDANTS. ) | CASE NO. 5:08-cv-00640-HE <br><br> JURY TRIAL DEMANDED |

**ANSWER, DEFENSES AND JURY DEMAND OF BURLINGTON NORTHERN
AND SANTA FE RAILWAY COMPANY**

Defendant Burlington Northern and Santa Fe Railway Company ("BNSF"), by and through its undersigned counsel, files this Answer, Defenses, and Jury Demand to the Complaint of the Plaintiffs states as follows:

**Preliminary Statement**

The Complaint fails to set forth specific allegations relating to BNSF or to specific conduct of BNSF that, if proven, could form the basis for any liability on the part of BNSF in favor of Plaintiffs. Rather, the Complaint improperly and repeatedly refers to BNSF with other defendants on a collective basis, failing to plead with the requisite

particularity allegations against BNSF and other defendants. Such ambiguous pleading is improper and insufficient to apprise BNSF in any meaningful sense of the allegations against it. BNSF has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible under the circumstances. To the extent that any specific allegations are made, or intended to be made, against BNSF that are not specifically admitted below, these allegations are denied, including any allegations that are not specifically pled, but may be implicit in the titles and headings plaintiffs has inserted at various points in the Complaint. BNSF answers these allegations only for itself.

### Answer

1. In response to the allegations contained in paragraph 1 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

2. In response to the allegations contained in paragraph 2 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

3. In response to the allegations contained in paragraph 3 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

4. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, on that basis, denies them.

5. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, on that basis, denies them.

6. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, on that basis, denies them.

7. In response to the allegations contained in paragraph 7 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

8. The allegations contained in paragraph 8 of the Complaint do not require a response from BNSF. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them.

9. In response to the allegations contained in paragraph 9 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

10. In response to the allegations contained in paragraph 10 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

11. The allegations contained in paragraph 11 of the Complaint do not require a response from BNSF. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them.

12. The allegations contained in paragraph 12 of the Complaint do not require a response from BNSF. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them.

13. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and, on that basis, denies them.

14. In response to the allegations contained in paragraph 14 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

15. In response to the allegations contained in paragraph 15 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

16. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and, on that basis, denies them.

17. In response to the allegations contained in paragraph 17 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

18. The allegations contained in paragraph 18 of the Complaint do not require a response from BNSF. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them.

19. In response to the allegations contained in paragraph 19 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

20. In response to the allegations contained in paragraph 20 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

21. In response to the allegations contained in paragraph 21 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

22. In response to the allegations contained in paragraph 22 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge

or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

23. In response to the allegations contained in paragraph 23 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

24. In response to the allegations contained in paragraph 24 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

25. In response to the allegations contained in paragraph 25 the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

26. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and, on that basis, denies them.

27. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and, on that basis, denies them.

28. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and, on that basis, denies them.

29. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint and, on that basis, denies them.

30. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies them.

31. In response to the allegations contained in paragraph 31 of the Complaint, BNSF denies that it has made a proposal for the installation of a water treatment plant. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

32. In response to the allegations contained in paragraph 32 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

33. In response to the allegations contained in paragraph 33 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

34. In response to the allegations contained in paragraph 34 of the Complaint, BNSF denies that this action can be maintained as a class action and that Plaintiffs are entitled to any relief.

35. In response to the allegations contained in paragraph 35 of the Complaint, BNSF admits that it is subject to the personal jurisdiction of the United States District

Court for the Western District of Oklahoma.  To the extent that the remaining allegations are directed to BNSF, these allegations are denied.  BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies them.

      36.    In response to the allegations contained in paragraph 36 of the Complaint, BNSF admits that it is subject to the personal jurisdiction of the United States District Court for the Western District of Oklahoma.

      37.    In response to the allegations contained in paragraph 37 of the Complaint, BNSF denies the allegations that the United States District Court for the Western District of Oklahoma does not have subject matter jurisdiction over this civil action and that the removal of this civil action to this Court was improper.  BNSF further denies the allegation that the local controversy or home state exceptions to the Class Action Fairness Act applies, denies that Blackwell Zinc Company, Inc. is a citizen of the State of Oklahoma for the purposes of 28 U.S.C. §1332, and denies that the Blackwell Industrial Authority is a defendant from whom the proposed Plaintiff Classes seek significant relief or that the alleged conduct of the Blackwell Industrial Authority forms a significant basis for the claims asserted by the proposed Plaintiff Classes.  BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 37 and, on that basis, denies them.

      38.    The allegations contained in paragraph 38 of the Complaint are denied.

      39.    The allegations contained in paragraph 39 of the Complaint are impertinent and improper.  These allegations do not require a response from BNSF.

40. In response to the allegations contained in paragraphs 40 and 43 of the Complaint, BNSF admits that Plaintiffs have alleged facts pursuant to which venue is proper in the United States District Court for the Western District of Oklahoma, but BNSF denies that any facts exist that would give rise to a cause of action.

41. The allegations contained in paragraphs 41 and 42 of the Complaint do not require a response from BNSF.

42. The allegations contained in paragraphs 44-52 of the Complaint do not require a response from BNSF. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them.

43. The allegations contained in paragraph 53 of the Complaint are admitted.

44. In response to the allegations contained in paragraphs 54-57 of the Complaint, BNSF admits that plaintiffs seek to certify two classes of plaintiffs, but BNSF denies that this case is filed on behalf of such purported classes or that class action treatment is appropriate. The remaining allegations of these paragraphs state legal conclusions that do not require a response. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to their truth or falsity of the allegations and, on that basis, denies them.

45. In response to the allegations contained in paragraphs 58-64 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF further denies that any fact exists that would give rise to a cause of action against it for property damage or medical monitoring. What is more, both causes of action are not cognizable as a matter of law. BNSF is without knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations contained in these paragraphs and, on that basis, denies them.

46. In response to the allegations contained in paragraph 65 of the Complaint, BNSF realleges and incorporates its responses to paragraphs 1-64 of the Complaint as though fully set forth herein.

47. In response to the allegations contained in paragraphs 66-76 of the Complaint, the allegations are denied to the extent these allegations are directed to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in these paragraphs, and therefore denies them.

48. In response to the allegations contained in paragraph 77 of the Complaint, BNSF realleges and incorporates its responses to paragraphs 1-76 of the Complaint as though fully set forth herein.

49. In response to the allegations in paragraphs 78-87 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in these paragraphs and, on that basis, denies them.

50. In response to the allegations contained in paragraph 88 of the Complaint, BNSF realleges and incorporates it responses to paragraphs 1-87 of the Complaint as though fully set forth herein.

51. The allegations contained in paragraphs 89-91 of the Complaint do not require a response from BNSF. To the extent these allegations require a response, BNSF is without knowledge or information sufficient to form a belief as to their truth or falsity of the allegations contained in these paragraphs and, on that basis, denies them.

52. BNSF denies the allegations contained in paragraphs 93 and 94 of the Complaint.

53. In response to the allegations contained in paragraph 95 of the Complaint, BNSF realleges and incorporates it responses to paragraphs 1-94 of the Complaint as though fully set forth herein.

54. In response to the allegations contained in paragraphs 96-101 of the Complaint, BNSF denies the allegations that purport to apply to BNSF. BNSF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in these paragraphs and, on that basis, denies them.

55. In response to the allegations contained in paragraph 102 of the Complaint, BNSF realleges and incorporates its responses to paragraphs 1-101 of the Complaint as though fully set forth herein.

56. In response to the allegations contained in paragraphs 103-110 of the Complaint, BNSF admits that Plaintiffs have purported to state a class action, but denies that this case is filed on behalf of such purported classes or that class action treatment is appropriate. The allegations contained in these paragraphs state legal conclusions that require no response.

57. In response to the allegations contained in paragraphs 111 and 112 of the Complaint, BNSF denies the allegations contained in Plaintiffs' "Prayer" and specifically denies that Plaintiffs are entitled to judgment, or any relief whatever, from BNSF in this action.

58. BNSF denies each and every remaining allegation in the Complaint not expressly admitted herein, and any factual allegation admitted herein is admitted only as

to specific facts, not as to any purported conclusions, characterizations, implications or speculations which are contained therein or elsewhere in the Complaint.

## AFFIRMATIVE DEFENSES

59. The Complaint fails to state claims against BNSF upon which relief can be granted.

60. Plaintiffs' causes of action are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, 12 OKLA. STAT. §95 A. 3., 12.

61. Plaintiffs' causes of action are barred, in whole or in part, by the applicable statutes of repose.

62. Plaintiffs have not suffered any legally compensable injury within the applicable periods of limitations preceding the filing of this action.

63. Plaintiffs have failed to state any facts to support any claim that any act or omission of BNSF directly and proximately resulted in any injury to Plaintiffs or their property.

64. Plaintiffs' claims against BNSF barred by the doctrine of laches.

65. To the extent that Plaintiffs' claims are based on BNSF's adherence to and compliance with federal laws, regulations, and rules, such claims are preempted by 49 U.S.C. § 10501(b) and by federal law under the Supremacy Clause of the United States Constitution.

66. Plaintiffs have failed to state a claim against BNSF because BNSF and its predecessors operated as a common carrier in transporting the materials that form the basis for the Plaintiffs' claims, and BNSF could not refuse service to a shipper of a lawful commodity.

67. If Plaintiffs have suffered any injuries or incurred any expenses, which BNSF specifically denies, these injuries and expenses were caused, in whole or in part, by the acts or omissions of persons over whom BNSF had no control, and Plaintiffs' recovery should be barred or, at a minimum, apportioned by application of comparative fault.

68. Plaintiffs' claims are barred, in whole or in part, by voluntary assumption of the risk by Plaintiffs of the matters alleged in the Complaint.

69. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, or failure to exercise reasonable care, and Plaintiffs' recovery, if any, must be reduced in proportion to the percentage of responsibility of Plaintiffs.

70. If Plaintiffs have suffered damages, which BNSF specifically denies, the Plaintiffs' damages, if any, are the result of a superceding and/or intervening cause; therefore, Plaintiffs' recovery against BNSF is barred.

71. The Plaintiffs' claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

72. Plaintiffs' claims are barred pursuant to 50 OKLA. STAT. §4.

73. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of BNSF were in any way the proximate cause of the injuries and damages allegedly sustained by Plaintiffs.

74. Plaintiffs' claims are barred, in whole or in part, because at all relevant times BNSF acted in a manner consistent with then existing and reasonably available

technological, scientific, and industrial knowledge, as well as all applicable government regulations and decrees.

75. Plaintiffs' claims are barred, in whole or in part, because recovery for these claims would provide Plaintiffs with a double recovery for the same injury.

76. Plaintiffs' claims are barred, in whole or in part, by the prior trespass doctrine.

77. If Plaintiffs have suffered damages, which BNSF specifically denies, BNSF is entitled to a set off and credit for the total of all amounts recovered by or paid to Plaintiffs from all collateral sources.

78. Plaintiffs' claims are barred, in whole or in part, because BNSF did not owe any legal duty to Plaintiffs or, if BNSF owed any legal duty to them, BNSF did not breach that duty.

79. Plaintiffs' claims are barred, in whole or in part, under the doctrine of estoppel.

80. Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver.

81. Plaintiffs' claims are barred, in whole or in part, under the doctrine of consent.

82. Plaintiffs' claims are barred by the doctrines of release and discharge.

83. Plaintiffs' claims should be dismissed for their failure to join indispensable parties.

84. The claims alleged in the Complaint may not properly be maintained or certified as a class action.

85. The class allegations are barred because the certification of this action as a class action would violate BNSF's rights under the Fifth and Seventh Amendments to the United States Constitution and the cognate provisions of the Constitution of the State of Oklahoma.

86. Plaintiffs' claims are barred under the common law doctrine of coming to the nuisance.

87. Plaintiffs' claims relating to alleged ultra hazardous activity cannot be maintained as a matter of law against BNSF because, among other things, the activity did not present a high degree risk of harm; the results of the activity were not likely to result in great harm; the activity was appropriate to the place where it occurred; and the value of the activity to the community outweighed its allegedly dangerous attributes.

88. Some or all of the Plaintiffs do not own or have any possessory interest in property where they are living and therefore have no standing to bring this action.

89. Plaintiffs may not recover on the claims pleaded in the Complaint because the relief sought is too speculative or remote.

90. Plaintiffs cannot state a claim against BNSF for joint and several liability. BNSF denies that Plaintiffs have suffered any injuries, but to the extent Plaintiffs establish injury, it is divisible and BNSF's liability, if any, is several.

91. Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to an award of punitive damages against BNSF.

92. Plaintiffs' claims for punitive damages are barred or limited by 23 OKLA. .STAT. § 9.1.

93.     Plaintiffs' claims are barred to the extent that they rely on the retroactive application of statutes, rules, regulations, common-law, standards of conduct, which violates the Constitutions of the United States and the State of Oklahoma.

94.     Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Oklahoma law by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, an exemplary damages award; (2) is not adequately instructed on the limits of exemplary damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding exemplary damages, or determining the amount of an award of exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate structure of BNSF; (4) is permitted to award exemplary damages under a standard for determining liability for exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes exemplary damages permissible; (5) is not properly instructed regarding plaintiffs' burden of proof with respect to each and every element of a claim for exemplary damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate BNSF's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article II, Section 7 of the Oklahoma Constitution, and would be improper under the public policy of Oklahoma.

95. BNSF reserves the right to raise and assert any additional defenses revealed by or as a result of discovery in this case.

96. BNSF adopts and incorporates by reference any affirmative defense asserted by any other Defendant to this action to the extent that an affirmative defense applies to BNSF, and BNSF gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserve its right to amend its Answer to assert any such defense.

## JURY DEMAND

BNSF requests a trial by jury on all issues so triable.

WHEREFORE, Defendant BNSF Railway Company prays that the Court enter judgment in its favor and against Plaintiffs as to all claims alleged in Plaintiffs' Complaint, and award BNSF Railway Company its costs and attorneys' fees and such further relief as the Court deems just and proper.

Respectfully submitted

GIBBS ARMSTRONG BOROCHOFF
       MULLICAN & HART, P.C.


By: /s/ George R. Mullican_____
    George Gibbs, OBA #11843
    George R. Mullican, OBA #16701
    Christopher D. Wolek, OBA #19612
    500 Petroleum Club Building
    601 South Boulder
    Tulsa, Oklahoma 74119
    (918) 587-3939
    (918) 582-5504 facsimile

LATHROP & GAGE L.C.

    Douglas R. Dalgleish
    Thomas A. Ryan
    David T.M. Powell
    Michael S. Cessna
    2345 Grand Boulevard, Suite 2800
    Kansas City, Missouri 64108

**ATTORNEYS FOR DEFENDANT
BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY**

Case 5:08-cv-00640-HE   Document 34   Filed 06/30/08   Page 19 of 19

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2008 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to the following ECF registrants:

To counsel of record:

    Nelson J. Roach
    Bradley E. Beckworth
    Keith L. Langston
    John C. Hull
    Nix Patterson & Roach, LLP
    205 Linda Drive
    Daingerfield, TX  75638
    903.645.7333
    903.645.2172 (fax)

    Michael A. Walsh
    Benjamin L. Barnes
    Beeler Walsh & Walsh, PLLC
    4508 N. Classen Blvd
    Oklahoma City, OK  73118
    405.843.7600
    405.606.7050 (fax)

    Andrew M. Ihrig
    Ihrig Law Firm
    107 W. Blackwell Ave.
    Blackwell, OK  74631
    405.533.5353
    405.533.5356 (fax)

    **ATTORNEYS FOR PLAINTIFFS**

    /s/ George R. Mullican
    Attorney for Defendant Burlington Northern
    Santa Fe Railway Company

19