## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

**1. BOB COFFEY**
**2. LORETTA CORN**
**3. LARRY JONES**
**4. MARY ELLEN JONES**
**5. ALL OTHERS SIMILARLY SITUATED,**

              **PLAINTIFFS,**

**v.**

**1. FREEPORT-MCMORAN COPPER & GOLD INC.;**

**2. PHELPS DODGE CORPORATION;**

**3. CYPRUS AMAX MINERALS COMPANY;**

**4. AMAX, INC. f/k/a AMERICAN METAL CLIMAX, INC. f/k/a THE AMERICAN METAL COMPANY;**

**5. BLACKWELL ZINC COMPANY, INC.;**

**6. BLACKWELL INDUSTRIAL AUTHORITY; and**

**7. BNSF RAILWAY COMPANY f/k/a BURLINGTON NORTHERN INC. f/k/a BURLINGTON NORTHERN RAILROAD COMPANY f/k/a THE BURLINGTON NORTHERN and SANTA FE RAILWAY COMPANY,**

              **DEFENDANTS.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. 5:08-cv-00640-HE**

**Jury Trial Demanded**

---

## ANSWER OF FREEPORT-MCMORAN COPPER & GOLD INC., FREEPORT-MCMORAN CORPORATION (F/K/A PHELPS DODGE CORPORATION), CYPRUS AMAX MINERALS COMPANY, AMAX, INC. AND BLACKWELL ZINC COMPANY, INC.

Defendants Freeport-McMoRan Copper & Gold Inc. ("FCX"), Phelps Dodge Corporation (now known as and hereafter referred to as Freeport-McMoRan Corporation), Cyprus Amax Minerals Company ("Cyprus Amax"), Amax, Inc.,[1] and Blackwell Zinc Company, Inc. ("BZC") (collectively, "Answering Defendants") for their Answer to Plaintiffs' Petition state as follows:

## PREFATORY STATEMENT

Contrary to the mandate of Fed.R.Civ.P. 8(a) to concisely and in plain language articulate the grounds for their purported claims using more that mere labels and conclusions, Plaintiffs' Petition is replete with self-serving characterizations, and hyperbolic and inflammatory allegations of alleged wrongdoing. See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(instructing that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).[2] Moreover, with limited exceptions, the Petition reveals no discernable effort by Plaintiffs to attribute to any particular Defendant any of the conduct which supposedly gives rise to Plaintiffs' purported claims. To the contrary, the Petition repeatedly references all Defendants on a

---

[1] Plaintiffs' Petition incorrectly lists Amax, Inc. as a Defendant in this action. (Petition, ¶ 50). Amax, Inc. is an entity that no longer exists by virtue of its 1993 merger with Cyprus Minerals Company to form Cyprus Amax Minerals Company, which is named as a Defendant in this action.

[2] Plaintiffs' Petition, which originally was filed in the Kay County District Court prior to the removal of this action to this Court, similarly violates the unambiguous mandates of 12 O.S. § 2008(a)(1) requiring that a pleading shall contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."

collective basis and continually fails to plead with any semblance of particularity the allegations against each individual Defendant, thereby impairing the ability of Defendants to meaningfully analyze and consider the allegations that have been asserted against them.  Nonetheless, and to the extent it is possible given the deficiencies that pervade the Petition, Answering Defendants respond to Plaintiffs' allegations.

## ANSWER

1.      Deny the allegations in paragraph 1 insofar as such allegations purport to apply to Answering Defendants and deny that Plaintiffs have valid claims against Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

2.      Deny the allegations in paragraph 2 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

3.      Deny the allegations in paragraph 3 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

4.      Responding to paragraph 4, admit only that the Blackwell Zinc smelter site ("Blackwell Smelter") opened after 1907.  Answering Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

5.      Responding to paragraph 5, admit only that Blackwell Smelter previously was used to refine zinc and cadmium ore concentrates, that it was located in Blackwell, Oklahoma, that it was open from approximately 1916 to 1974 and that BZC formerly was a subsidiary of Amax, Inc. (which is now a non-existent entity). Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

6.      Responding to paragraph 6, admit only that the Blackwell Smelter produced millions of tons of zinc alloy during its operational life, that it played an important role during both World Wars as zinc was needed for many wartime products and that a cadmium plant was opened in or about 1957. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

7.      Responding to paragraph 7, admit only that ore was brought to the Blackwell Smelter from various sources and that some of the ore contained lead and/or cadmium. Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.

8.      Deny the allegations in sentence 1 of paragraph 8 insofar as such allegations purport to apply to Answering Defendants. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations and, therefore, deny the same.

9.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in sentences 1 and 2 of paragraph 9 and, therefore, deny the same.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.

10.     Responding to paragraph 10, admit only that BZC began the process of closing the Blackwell Smelter in or about 1972 and closed the facility by 1974.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.

11.     Responding to paragraph 11, admit only that BZC conveyed the Blackwell Smelter site to the Blackwell Industrial Authority ("BIA") after the closure of the smelter and that the BIA thereafter developed the site as an industrial park.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

12.     Responding to paragraph 12, admit only that in or about 1992, the United States Environmental Protection Agency ("EPA") suggested the possibility that the Blackwell Smelter site could in the future become a Superfund site and be placed on the National Priorities List ("NPL"), and that BZC, the BIA and the City of Blackwell thereafter entered into a Consent Agreement and Final Order ("CAFO") with the Oklahoma Department of Health (the predecessor to the Oklahoma Department of

Environmental Quality), the terms of which speaks for themselves.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.

13.     Responding to paragraph 13, admit only that in 1994, the Oklahoma Department of Environmental Quality ("ODEQ") and the EPA entered into a Memorandum of Understanding (the "MOU"), a purpose of which was to facilitate a CERCLA-Quality cleanup of the Blackwell Smelter site, among other things.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants, and affirmatively allege that the terms of the MOU speak for themselves.

14.     Responding to paragraph 14, admit that following the CAFO and MOU, Cyprus Amax, among others, conducted an environmental investigation and remediation in Blackwell on behalf of BZC.  Answering Defendants further admit that some levels of zinc and cadmium were found in the soils at the Blackwell Smelter site, as well as in groundwater at the site that is not used for public or private consumption.  Answering Defendants further admit that multiple consent orders were thereafter entered into, the terms of which speak for themselves, and the allegations contained in footnote 3.  Deny the remaining allegations of paragraph 14 and the footnotes contained therein insofar as such allegations purport to apply to Answering Defendants.

15.     Deny the allegations in paragraph 15 insofar as such allegations purport to apply to these Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

6

16.     Deny the allegations in paragraph 16 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

17.     Deny the allegations in paragraph 17 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

18.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and, therefore, deny the same.

19.     Deny the allegations in paragraph 19 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

20.     Deny the allegations in paragraph 20 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

21.     Deny the allegations in paragraph 21 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

22.     Deny the allegations in paragraph 22 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

23.     Deny the allegations in paragraph 23 insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

24.     Responding to paragraph 24, admit that some levels of zinc and cadmium have been detected in the Chikaskia River and in certain other bodies of water. Answering Defendants further admit that as part of the CERCLA-quality cleanup being conducted under the direction of ODEQ and with oversight by the EPA, Defendant Freeport-McMoRan Corporation will pay for and construct a groundwater treatment facility in Blackwell to extract zinc and cadmium compounds and that such compounds will be recycled if feasible.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants and deny that Plaintiffs have valid claims against Answering Defendants.

25.     Deny the allegations in paragraph 25 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise

to any valid cause of action.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

26.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and, therefore, deny the same.

27.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and, therefore, deny the same.

28.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 and, therefore, deny the same.

29.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 and, therefore, deny the same.

30.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 and, therefore, deny the same.

31.    Deny the allegations in paragraph 31 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

32.     Deny the allegations in paragraph 32 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

33.     Deny the allegations in paragraph 33 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

34.     Responding to paragraph 34, deny that this action can be maintained as a class action, and deny the existence of any facts that would give rise to any valid cause of action.

35.     Responding to paragraph 35, admit only that Answering Defendants are subject to personal jurisdiction in this Court.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

36.     Responding to paragraph 36, admit only that Answering Defendants are

subject to personal jurisdiction in this Court.  Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.

37.     Deny the allegations in paragraph 37, and deny that removal of this case to federal court would be improper.

38.     Deny the allegations in paragraph 38.

39.     The allegations in paragraph 39 are immaterial and impertinent and should be stricken pursuant to Fed.R.Civ.P. 12(f).

40.     Responding to paragraph 40, admit only that the Petition alleges facts under which venue in this Court is appropriate as to Defendants FCX, Freeport-McMoRan Corporation, Cyprus Amax and BZC, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants affirmatively allege that Plaintiffs have improperly named Amax, Inc. as a Defendant in this action as Amax, Inc. is an entity that no longer exists by virtue of its 1993 merger with Cyprus Minerals Company to form Cyprus Amax.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

41.     Deny the allegations in paragraph 41.

42.     Paragraph 42 does not require a response from Answering Defendants.

43.     Responding to paragraph 43, admit only that the Petition alleges facts under which venue in this Court is appropriate as to Defendants FCX, Freeport-McMoRan Corporation and Cyprus Amax, and deny the existence of any facts that would give rise

to any valid causes of action. Answering Defendants affirmatively allege that Plaintiffs have improperly named Amax, Inc. as a Defendant in this action as Amax, Inc. is an entity that no longer exists by virtue of its 1993 merger with Cyprus Minerals Company to form Cyprus Amax. Deny the remaining allegations of paragraph 43 and deny that BZC is a resident of Kay County, Oklahoma.

44.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44.

45.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45.

46.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46.

47.     Responding to paragraph 47, admit that FCX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona, and deny that FCX is or ever has been an alter ego of BZC. Admit that FCX is authorized to do business in the State of Oklahoma and that FCX acquired Freeport-McMoRan Corporation (formerly known as Phelps Dodge Corporation) in March 2007, at which time it became a wholly-owned subsidiary of FCX. Deny the remaining allegations in paragraph 47.

48.     Responding to paragraph 48, admit that Freeport-McMoRan Corporation is a corporation organized and existing under the laws of the State of New York with its principal place of business in Phoenix, Arizona, and deny that Freeport-McMoRan

12

Corporation is or ever has been an alter ego of BZC.  Admit that Freeport-McMoRan Corporation (formerly known as Phelps Dodge Corporation) acquired Cyprus Amax in 1999, at which time Cyprus Amax became a wholly-owned subsidiary of Freeport-McMoRan Corporation.  Deny the remaining allegations in paragraph 48.

49.    Responding to paragraph 49, admit that Cyprus Amax is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona, and deny that Cyprus Amax is or ever has been an alter ego of BZC.  Admit that Cyprus Amax was created by a merger between Cyprus Minerals Company and Amax, Inc. (a now defunct entity), and that BZC formerly was a wholly owned subsidiary of Amax, Inc.  Deny the remaining allegations in paragraph 49.

50.    Responding to paragraph 50, admit that Cyprus Amax was created by a merger between Cyprus Minerals Company and Amax, Inc. (a now defunct entity), and affirmatively allege that Plaintiffs have improperly named Amax, Inc. as a Defendant in this action because Amax, Inc. no longer exists as an entity due to the subject merger.  Deny that Amax, Inc. is or ever has been an alter ego of BZC, and further deny the remaining allegations in paragraph 50.

51.    Responding to paragraph 51, admit that BZC is a corporation existing under the laws of the State of New York and that it is subject to service of process at the address listed therein.  Answering Defendants further admit that BZC is a wholly-owned subsidiary of Cyprus Amax, which is a wholly-owned subsidiary of Freeport-McMoRan Corporation.  Answering Defendants further admit that Freeport-McMoRan Corporation

is a wholly-owned subsidiary of FCX. Deny that BZC's principal place of business for purposes of determining diversity jurisdiction is Blackwell, Kay County, Oklahoma, and further deny all remaining allegations in paragraph 51.

52.     Paragraph 52 does not require a response from Answering Defendants.

53.     Paragraph 53 does not require a response from Answering Defendants.

54.     Responding to paragraphs 54 through 57, admit that Plaintiffs purport to seek to certify two classes of plaintiffs, but deny that this action is filed on behalf of such purported classes or that class action certification or treatment is appropriate. The remaining allegations improperly state legal conclusions that do not require a response from Answering Defendants. To the extent the remaining allegations are construed to be allegations of fact, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and, therefore, deny the same.

55.     Deny the allegations in paragraph 58 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

56.     Deny the allegations in paragraph 59 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action. Answering Defendants lack knowledge or information

14

sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

57.    Deny the allegations in paragraph 60 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

58.    Responding to paragraph 61, admit that the Blackwell Smelter site has, under the direction of the EPA and ODEQ, been the subject of an ongoing CERCLA-quality environmental investigation and remediation action. Answering Defendants further admit that American Metal Climax, Inc. was a party to the litigation matter referenced in paragraph 61, but affirmatively allege that Plaintiffs mischaracterize, among other things, the allegations and claims asserted in that action and the terms of settlement. Deny the remaining allegations insofar as such allegations purport to apply to Answering Defendants.

59.    Deny the allegations in paragraph 62 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the same.

60.    Deny the allegations in paragraphs 63 and 64 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action, including any purported claim or cause of action for property damage and medical monitoring, neither of which is cognizable and cannot be maintained as a matter of law.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraphs 63 and 64 and, therefore, deny the same.

61.    Responding to paragraph 65, Answering Defendants repeat their answers to paragraphs 1 through 64.

62.    Deny the allegations in paragraphs 66 through 76 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraphs 66 through 76 and, therefore, deny the same.

63.    Responding to paragraph 77, Answering Defendants repeat their answers to paragraphs 1 through 76.

64.    Deny the allegations in paragraphs 78 through 87 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraphs 78 through 87 and, therefore, deny the same.

65.     Responding to paragraph 88, Answering Defendants repeat their answers to paragraphs 1 through 87.

66.     Deny the allegations in paragraphs 89 and 90, and deny the existence of any facts that would give rise to any valid cause of action.

67.     Deny the allegations in paragraphs 91 and 92, and deny the existence of any facts that would give rise to any valid cause of action.

68.     Paragraphs 93 and 94 do not require a response from these Answering Defendants.  To the extent these allegations require a response, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and, therefore, deny the same.

69.     Responding to paragraph 95, Answering Defendants repeat their answers to paragraphs 1 through 94.

70.     Deny the allegations in paragraphs 96 through 101 insofar as such allegations purport to apply to Answering Defendants, and deny the existence of any facts that would give rise to any valid cause of action.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraphs 96 through 101 and, therefore, deny the same.

71.     Responding to paragraph 102, Answering Defendants repeat their answers to paragraphs 1 through 101.

72.     Responding to paragraphs 103 through 110, admit only that Plaintiffs purport to bring this action as a class action lawsuit, but deny that this action is filed on

17

behalf of such purported classes or that class action treatment is either lawful or appropriate.  Moreover, the allegations contained in paragraphs 103 through 110 improperly state legal conclusions that do not require a response from Answering Defendants.  To the extent the remaining allegations are construed to be allegations of fact, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and, therefore, deny the same.

73.     Responding to paragraphs 111 and 112, deny all of the allegations contained in Plaintiffs' "Prayer" and deny that Plaintiffs are entitled to any of the relief requested in the Petition from Answering Defendants.

74.     Answering Defendants deny each and every allegation in the Petition not specifically admitted.

## JURY DEMAND

Answering Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     The Petition fails to state a claim upon which relief may be granted.

2.     Some or all of the Plaintiffs do not own or have any possessory interest in property where they are living, and thus have no standing to pursue the claims asserted in the Petition.

3.     Plaintiffs may not recover on the claims pleaded in the Petition because the relief sought is too speculative, remote and/or unforeseeable.

4.      Plaintiffs' claims are barred by the doctrines of laches, consent, waiver and estoppel.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, 12 O.S. § 95(A)(3).  Plaintiffs cannot avoid the limitations bar because, among other things, they have not suffered any legally compensable injury within the applicable periods of limitations preceding the filing of this action; they possessed such information that should have caused them to reasonably inquire or further investigate the alleged contamination; the alleged damage to property was obvious and apparent; Plaintiffs had knowledge of both the alleged existence and cause of injury; an allegedly ongoing public nuisance does not suspend the applicable periods of limitations on a damages claim for such nuisance; and the alleged injury was already complete.

6.      Plaintiffs' claims are barred, in whole or in part, because of their failure to mitigate their alleged losses or damages.

7.      Plaintiffs' alleged damages, if any, were caused or contributed to by the fault of themselves or other persons or entities who are not parties hereto.

8.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose.

9.      Plaintiffs' claims should be dismissed for failure to join indispensable parties or parties needed for just adjudication of all claims.

10. Plaintiffs' claims are barred, in whole or in part, under the common law doctrine of coming to the nuisance.

11. Plaintiffs' claims are barred to the extent that they rely upon the retroactive application of statutes, rules, regulations, the common law or standards of conduct, to the extent that such retroactive application is violative of the Constitutions of the United States and the State of Oklahoma.

12. The claims alleged in the Petition may not properly or lawfully be maintained or certified as a class action because, among other items, individual questions predominate over common questions of liability, the named Plaintiffs are not appropriate representatives of the purported class and inadequacy of the purported class representatives and counsel.

13. Plaintiffs' class allegations are barred because certification of this action as a class action would violate Answering Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution and the correlative provisions of the Constitution of the State of Oklahoma.

14. Plaintiffs' claims for medical monitoring and the creation of a medical monitoring trust fund are subject to dismissal as such a claim and/or remedy is not cognizable and cannot be maintained as a matter of Oklahoma law.

15. Plaintiffs' claims are barred by the doctrines of release and discharge.

16. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Answering Defendants were in any way the direct or

proximate cause of the injuries and damages allegedly sustained by Plaintiffs or their property.

17.    Plaintiff's claims are barred, in whole or in part, by their contributory and/or comparative negligence, fault or failure to exercise ordinary or reasonable care. As such, Plaintiff's claims are subject to dismissal, or any purported damages or recovery, if any, must be reduced in proportion to the percentage of fault of Plaintiffs.

18.    To the extent that Plaintiffs' claims are based on these Answering Defendants' adherence to and compliance with federal laws, rules and regulations, such claims are preempted by 49 U.S.C. § 10501(b), and by federal law pursuant to the Supremacy Clause of the United States Constitution.

19.    Plaintiffs' claims are preempted or barred by federal law because they seek to alter, impede, frustrate and burden the effectiveness of federal law regulating cleanups under the Comprehensive Environmental Response, Contamination, and Liability Act ("CERCLA"); require Answering Defendants to meet conflicting obligations under federal and state law; and constitute an invalid burden on interstate commerce, violating the Supremacy and Commerce Clauses of the United States Constitution, Article VI, § 2 and Article I, Section 8, respectively.

20.    Plaintiffs' claims are barred, in whole or in part, pursuant to CERCLA to include, without limitation, because Plaintiffs impermissibly seek to interfere with and alter the on-going CERCLA-quality environmental investigation and remediation action that is the subject of the Petition.

21.     Plaintiffs' claims are barred, in whole or in part, because the completion of the CERCLA-quality cleanup that is the subject of this action is a condition and predicate to any legal challenge relating to such cleanup, and such condition has yet to occur.

22.     The parties and claims are improperly joined.

23.     Plaintiffs' claims seeking to pierce the corporate veil, assert alter ego status, and/or disregard and avoid the legal corporate status of Answering Defendants cannot be maintained as a matter of law because the subject entities are not and never have been so closely linked and/or so inextricably intertwined as to be effectively one entity.

24.     If Plaintiffs incurred any damages, which Answering Defendants specifically deny, such damages, if any, are the result of an independent, intervening and superseding cause. Consequently, Plaintiffs are barred from any recovery from these Answering Defendants.

25.      No alleged act or omission at issue was by a person or entity acting as an agent or servant of any Answering Defendant, or at the instruction or subject to the control of any Answering Defendant, with regard to any of the actions described in the Petition. Thus, Answering Defendants are not liable for any acts or omissions of such persons or entities as a matter of law.

26.     If Plaintiffs have suffered any injuries or incurred any expenses, which Answering Defendants specifically deny, such injuries and expenses were caused, in whole or in part, by the acts and omissions of persons or entities over whom Answering

Defendants had no control.  Consequently, any recovery by Plaintiffs should be barred or, at a minimum, apportioned by application of comparative fault.

27.    Plaintiffs' claims are barred because any damages allegedly sustained by Plaintiffs were the result of pre-existing or subsequent conditions that are unrelated to the matters at issue.

28.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs impermissibly seek to eliminate Plaintiffs' burden to prove injury and causation, to rely on aggregate proof of causation of alleged harm and to impose collective liability.

29.    To the extent that Plaintiffs attempt to use statistics, percentages, or any other means of extrapolating alleged liability, causation, or damages, instead of proving liability, causation and damages for each specific individual as to each Answering Defendant, Plaintiffs seek to impair Answering Defendants' right to a jury trial and to deprive them of equal protection and due process.

30.    Plaintiffs' claims are barred or reduced by the doctrine of avoidable consequences.

31.    To the extent that Plaintiffs' claims are based on alleged communications between any Answering Defendant and regulatory agencies of the United States government or any other government, those claims are barred, in whole or in part, by operation of applicable law, including the First Amendment rights of Answering Defendants to petition the government to seek redress.

32.   Plaintiffs' claims are barred, in whole or in part, because the activities which Plaintiffs contend caused injury arise from activities that certain Answering Defendants performed while acting under the direction of the United States government and its officers.

33.   Plaintiffs' claims are barred, in whole or in part, by the government contractor defense because certain Answering Defendants operated the Blackwell Smelter for a substantial period of time under the direction and approval of the United States government, which was aware of any potential hazards associated with the production, disposal, usage, and storage of zinc and its byproducts.

34.   Plaintiffs' claims are barred, in whole or in part, by the immunities available under the Defense Production Act 1950, 50 U.S.C. § 2061 et seq. and its statutory predecessor, the Second War Powers Act, Ch. 199 Stat. 176 (1942).

35.   The activities of Answering Defendants about which Plaintiffs purport to complain were carried out and were/are controlled by federal law and decrees, and Answering Defendants were at all times in compliance and with applicable and controlling law and decrees.

36.   Plaintiffs' claims are barred by statutory and regulatory immunities afforded to Answering Defendants.

37.   Plaintiffs' claims are barred, in whole or in part, because at all relevant times Answering Defendants acted and have acted in a manner consistent with then

existing and reasonably available technological, scientific and industrial state-of-the-art, as well as all applicable governmental regulations, oversight and decrees.

38.     Plaintiffs' claims are barred, in whole or in part, because some or all of the contamination alleged in the Petition was from sources other than the Blackwell Smelter and its associated operations.

39.     Plaintiffs seek to impair the requirement of extending full faith and credit to federal and state regulations.

40.     Plaintiffs' claims are barred, in whole or in part, to the extent that they conflict with laws that were applicable to the activities during the time periods in which they allegedly occurred, including applicable workers' compensation laws.

41.     Plaintiffs' claims are barred because they knowingly and voluntarily assumed the alleged risks and exposed themselves and their property to risks of harm.

42.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have consented to, licensed or permitted the conduct about which they complain.

43.     Plaintiffs' claims are barred because Answering Defendants did not owe any legal duty to Plaintiffs, or if they owed such a legal duty, Answering Defendants did not breach that duty.

44.     Any claim by Plaintiff based on an alleged breach of duty to warn or disclose cannot be maintained as a matter of law because Answering Defendants had no duty to warn about or disclose matters of which they were unaware.

45.    Plaintiffs cannot maintain a claim against Answering Defendants for joint and several liability.  While Answering Defendants deny that Plaintiffs have suffered any injuries or damages, to the extent Plaintiffs establish injury, it is divisible and the Answering Defendants' liability, if any, is several.

46.    Any claim by Plaintiffs based on an alleged breach of duty of care to keep premises safe for entry or use by others or to give any warning of a dangerous condition, use, structure, or activity cannot be maintained as a matter of law where the claimants' use or entry was unauthorized.

47.    Plaintiffs' claims are barred, in whole or in part, because any alleged representations and/or conduct on the part of any Answering Defendant were made in good faith and were not intended to deceive Plaintiffs.  Further, Answering Defendants did not participate in, authorize, ratify or benefit from any alleged misrepresentation or wrongful acts that are alleged in the Petition.

48.    Plaintiffs' generalized allegations of purported misrepresentations, deceit or failure to disclose are barred because of a failure to plead those claims with requisite particularity.  Further, Plaintiffs' allegations of purported concealment and misrepresentations are barred because Plaintiffs have not and cannot credibly allege or establish the existence of any alleged representations or actions that were material or otherwise likely to mislead persons acting reasonably under the circumstances, or that did or were likely to affect Plaintiffs' decisions and/or conduct or proximately and/or actually misled Plaintiffs or caused Plaintiffs to act differently.

49.     Plaintiffs' claims are barred because they seek to recover for an alleged defective condition of property that was known or discoverable by adequate and reasonable inspection.

50.     Plaintiffs' claim relating to alleged ultra hazardous activity cannot be maintained as a matter of law because, among other things, the activity in question did not present a high degree of risk of harm; the results of the activity were not likely to result in great harm; the activity was appropriate to the place where it occurred; and the value of the activity to the community outweighed its allegedly dangerous attributes.

51.     Plaintiffs' claims for injunctive relief are improper and cannot be maintained as a matter of law because there is no reasonable probability that any alleged injury sought to be prevented will occur if no injunction is issued, and a mere fear or apprehension of an alleged injury is insufficient to assert such a cause of action. Moreover, Plaintiffs' claim for injunctive relief with regard to an alleged nuisance fails for lack of clear and convincing proof of such nuisance.

52.     Plaintiffs' claim relating to alleged nuisance cannot be maintained as a matter of law because, among other items, the activities in question were performed or maintained pursuant to express statutory or other governmental authority; the alleged nuisance did not simultaneously affect an entire community or neighborhood (or any considerable number of persons); the alleged nuisance was not specially injurious to Plaintiffs; and Answering Defendants' alleged acts or omissions were not unlawful and did not involve any omission to perform a duty.

53.     Plaintiffs' claims for abatement and/or remediation cannot be maintained as a matter of law because Answering Defendants never created a public nuisance on Plaintiffs' property.

54.     Plaintiffs' claims of trespass cannot be maintained as a matter of law because, among other items, the alleged contamination is not an actual physical invasion of another's real property and the alleged contamination occurred on property other than Plaintiffs' property.

55.     Plaintiffs' claim of unjust enrichment cannot be maintained as a matter of law because, among other items, Plaintiffs cannot establish an injustice for which any Answering Defendant is responsible; no Answering Defendant has a benefit in hand that, in equity and good conscience, it should not be allowed to retain; expenditures by the Plaintiffs did not add to the property of any Answering Defendant; Plaintiffs made no expenditures that saved any Answering Defendant from expense or loss; Plaintiffs have not performed another's statutory duty to remediate; and no Answering Defendant has received any economic benefit from any alleged contamination that has not been or will not be abated.

56.     Plaintiffs' Petition fails to state facts sufficient to entitle Plaintiffs to any award of punitive damages against any Answering Defendant.  Moreover, because of the lack of clear standards, the imposition of punitive damages against any Answering Defendant is unconstitutionally vague and/or overbroad.

57.    Plaintiffs' claims for punitive damages are barred or limited by 23 O.S. § 9.1.

58.    Plaintiffs' claims for punitive damages cannot be maintained as a matter of law because, among other items, an award of punitive damages would contravene Answering Defendants' rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Equal Protection Clause; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States and the correlative provisions of the Oklahoma Constitution, including any:

a.    imposition of punitive damages by a jury which:

(1)    is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2)    is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3)    is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Defendant;

(4)    is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary

and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards.

b.  imposition of such punitive damages, and determination of the amount of an award thereof, where applicable law is impermissibly vague, imprecise, or inconsistent;

c.  imposition of such punitive damages, and determination of the amount of an award thereof, in a way that subjects Defendant to impermissible multiple punishment for the same alleged wrong.

59.    Plaintiffs' purported claims for equitable and injunctive relief are barred because Plaintiffs have an adequate remedy at law.

60.    Plaintiffs are not entitled to an award of attorneys' fees in the absence of a contract, statute or law authorizing such an award.

61.    Plaintiffs are not entitled to the imposition of a constructive trust as a matter of law because, among other things, Plaintiffs are not owners of funds that were wrongfully acquired or mingled by one who has a lesser right to such funds, and they do not have title to property that they seek to place in trust.

62.    Plaintiffs' claims are subject to the requirement of election of remedies.

63.     Plaintiffs are not entitled to an award of attorneys' fees for the claims of injury to property, in the absence of negligent or willful physical injury to the property.

64.     Should any Answering Defendant be held liable to Plaintiffs, which liability is specifically denied, such Answering Defendant would be entitled to a set off and credit for the total of all amounts recovered by or paid to Plaintiffs from all collateral sources.

65.     In the event that any Answering Defendant is found liable for nuisance, which liability is specifically denied, Plaintiffs may not recover both permanent and temporary damages for such nuisance.

66.     In the event that Defendant is found liable for injury to land, which liability is specifically denied, and the cost of repairing the alleged injury is greater than the diminution in the land's value, the latter would be the true measure of damages.

67.     Any recovery by Plaintiffs for alleged damage to land is limited to the cost of restoration if such cost is less than the fair market value of the property before and after the injury.

68.     In the event that any Answering Defendant is found liable for injury to land caused by a continuing temporary nuisance, which liability is specifically denied, Plaintiffs' damages are limited to alleged injuries incurred within two years immediately preceding the filing of this action.

69.     Any claims by Plaintiffs for special damages arising from alleged nuisance are barred because the Plaintiffs themselves have not experienced or suffered any injury.

70.     Any claim by Plaintiffs for items of special damages are barred for failure to plead such claim with the requisite specificity.

71.     Plaintiffs are not entitled to recover damages for an anticipatory nondisclosure to a potential buyer of their property of the existence of any alleged contamination, if any, on their property.

72.     Plaintiffs are barred as a matter of law from seeking to recover for any alleged injury to property that has a peculiar value to Plaintiffs.

73.     Answering Defendants reserve the right to raise and assert any additional defenses revealed by or as a result of discovery or investigation in this case.

74.     Answering Defendants adopt and incorporate by reference any affirmative defense asserted by any other Defendant in this action to the extent that such affirmative defense applies to Answering Defendants.  Answering Defendants further give notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case and reserve their right to amend their Answer to assert any such defense.

**WHEREFORE,** Answering Defendants pray for relief and judgment against Plaintiffs as follows:

A.     That Plaintiffs taking nothing by reason of the Petition;

B.     That this action be dismissed with prejudice;

C.     That Answering Defendants recover their fees, costs and attorneys' fees incurred in connection with this action; and

D.    For such other relief as is proper.

Respectfully submitted,

*Robert H. Alexander, Jr.*

Robert H. Alexander, Jr., OBA # 197
Robert W. Ivy, OBA # 20909

--Of Counsel--

Michael K. Kennedy
Kevin E. O'Malley
Wm. Charles Thomson
Raymond K. Ramella

--of the firm--

                            --of the firm--

**Gallagher & Kennedy**

  2575 East Camelback Road
  Suite 1100
  Phoenix, Arizona 85016
  (602) 530-8430
  (602) 530-8500 Facsimile

**The Law Office of**
**Robert H. Alexander, Jr., p.c.**
  First National Center, 24th Floor
  P.O. Box 868
  Oklahoma City, Oklahoma 73101-0868
  (405) 232-0803
  (405) 232-0519 Facsimile
**ATTORNEYS FOR DEFENDANTS**
**FREEPORT-MCMORAN COPPER &**
**GOLD INC.; FREEPORT-MCMORAN**
**CORPORATION (FORMERLY KNOWN**
**AS PHELPS DODGE CORPORATION);**
**CYPRUS AMAX MINERALS COMPANY**
**AMAX,  INC.;  AND  BLACKWELL  ZINC**
**COMPANY, INC.**

33

## CERTIFICATE OF SERVICE

I certify that on this 30th day of June, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Robert H. Alexander, Jr. | alexattys@productlaw.com |
| Robert W. Ivy | rwivy@productlaw.com |
| Benjamin L. Barnes | bbarnes@beelerwalshwalsh.com |
| James L. Menzer | jim@menzerlaw.com |
| Patrick R. Pearce, Jr. | rpearce@ryanwhaley.com |
| Donald K. Shandy | dshandy@ryanwhaley.com |
| Micky Walsh | cbrown@beelerwalshwalsh.com |
| Phillip G. Whaley | pwhaley@ryanwhaley.com |
| Christopher D. Wolek | cwolek@tulsacounsel.com |
| George Gibbs | ggibbs@tulsacounsel.com |
| George R. Mullican | gmullican@tulsacounsel.com |

A true and correct copy of the foregoing document was served upon the following via first class mail:

Nelson J. Roach, TBA No. 16968300
Bradley E. Beckworth, OBA No. 19982
Keith L. Langston, OBA No. 21921
John C. Hull, OBA No. 21707
**NIX, PATTERSON & ROACH, LLP**
205 Linda Dr.
Daingerfield, Texas 75638
**ATTORNEY FOR PLAINTIFFS**

Andrew M. Ihrig, OBA No. 21233
**IHRIG LAW FIRM**
107 W. Blackwell Ave.
Blackwell, OK 74631
**ATTORNEY FOR PLAINTIFFS**


Robert H. Alexander, Jr.