**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BOB COFFEY, LORETTA CORN AND | ) | |
| LARRY AND MARY ELLEN JONES, | ) | |
| INDIVIDUALLY AND ON BEHALF OF | ) | |
| ALL OTHERS SIMILARLY SITUATED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:08-cv-00640-HE |
| | ) | |
| FREEPORT-MCMORAN COPPER & GOLD | ) | |
| INC.; PHELPS DODGE CORPORATION; | ) | |
| CYPRUS AMAX MINERALS COMPANY; | ) | |
| AMAX, INC., f/k/a AMERICAN META | ) | |
| CLIMAX, INC., f/k/a THE AMERICAN | ) | |
| METAL COMPANY; BLACKWELL ZINC | ) | |
| COMPANY, INC.; BLACKWELL | ) | |
| INDUSTRIAL AUTHORITY; and | ) | |
| BNSF RAILWAY COMPANY, f/k/a | ) | |
| BURLINTGON NORTHERN INC., f/k/a | ) | |
| BURLINGTON NORTHERN RAILROAD | ) | |
| COMPANY, f/ka THE BURLINGTON | ) | |
| NORTHERN and SANTA FE RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF BLACKWELL INDUSTRIAL AUTHORITY**

Defendant Blackwell Industrial Authority (BIA or Defendant) for its Answer to

Plaintiffs' Petition states as follows:

**PREFATORY STATEMENT**

Throughout the Petition, Plaintiffs repeatedly refer to conduct of "the Defendants"

as a group without making any attempt to attribute to any particular Defendant any of the

conduct which purportedly gives rise to Plaintiffs' purported claims.  This pleading

1

against the collective "Defendants" makes it difficult for BIA to meaningfully analyze and consider the allegations asserted against it. More seriously, as to BIA, this pleading form seems to violate the intent of Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151 *et seq*. In particular, pursuant to Okla. Stat. tit. 51, § 154(G), BIA is not subject to joint and several liability and Plaintiffs must individually prove the conduct for which BIA is allegedly liable. Accordingly, BIA generally objects to the Petition as failing to meaningfully provide BIA with notice of Plaintiffs' claims as they relate to BIA. Subject to its objection, and to the extent it is possible given the deficiencies that pervade the Petition, BIA responds to Plaintiffs' allegations.

## ANSWER

### I. Introduction

1.     Defendant denies the allegations contained in Paragraph 1 to the extent they apply to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1. Accordingly, such allegations are deemed denied.

2.     Defendant denies the allegations contained in Paragraph 2 to the extent they apply to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2. Accordingly, such allegations are deemed denied.

3.     Defendant denies the allegations contained in Paragraph 3 to the extent they apply to Defendant. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 3.  Accordingly, such allegations are deemed denied.

## II.  Factual Statement

4.      The allegations in Paragraph 4 of the Petition relate to a time period before BIA had any involvement at the Blackwell Zinc Smelter site (Smelter); therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.  Accordingly, such allegations are deemed denied.

5.      The allegations in Paragraph 5 of the Petition relate to defendants other than BIA and to a time period before BIA had any involvement at the Smelter; therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.  Accordingly, such allegations are deemed denied.

6.      The allegations in Paragraph 6 of the Petition relate to defendants other than BIA and to a time period before BIA had any involvement at the Smelter; therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.  Accordingly, such allegations are deemed denied.

7.      The allegations in Paragraph 7 of the Petition relate to defendants other than BIA and to a time period before BIA had any involvement at the Smelter; therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 7.  Accordingly, such allegations are deemed denied.

8.     The allegations in Paragraph 8 of the Petition relate to defendants other than BIA and to a time period before BIA had any involvement at the Smelter; therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.  Accordingly, such allegations are deemed denied.

9.     The allegations in Paragraph 9 of the Petition relate to defendants other than BIA and to a time period before BIA had any involvement at the Smelter; therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.  Accordingly, such allegations are deemed denied.

10.    Defendant admits only that the Smelter was closed by 1974.  Defendant denies the remaining allegations in Paragraph 10 to the extent they purport to apply to BIA.  The remaining allegations in Paragraph 10 of the Petition relate to defendants other than BIA and to a time period before BIA had any involvement at the Smelter; therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.  Accordingly, such allegations are deemed denied.

11.    Defendant admits only that Blackwell Zinc Company (BZC) conveyed the Smelter property to BIA after the closure and demolition of most buildings at the Smelter

and that BIA thereafter developed the site as an industrial park, BIA is a public trust of the State of Oklahoma whose sole beneficiary is the City of Blackwell, BIA is entrusted with responsibility for public works and other projects at the former Smelter property, and BIA has sold or leased portions of the former Smelter property. Defendant denies the remaining allegations in Paragraph 11 to the extent they purport to apply to BIA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11. Accordingly, such allegations are deemed denied.

12. Defendant admits only that in or about 1992, the United States Environmental Protection Agency (EPA) suggested the possibility that the former Smelter property could in the future become a Superfund site and be placed on the National Priorities List (NPL), and that BZC, BIA, and the City of Blackwell thereafter entered into a Consent Agreement and Final Order (1992 CAFO) with the Oklahoma Department of Health (the predecessor to the Oklahoma Department of Environmental Quality (ODEQ)), the terms of which speak for themselves. Defendant denies the remaining allegations in Paragraph 12 to the extent they purport to apply to BIA.

13. Defendant admits only that in 1994, ODEQ and EPA entered into a Memorandum of Understanding (MOU) regarding the environmental characterization and remediation work at the Smelter, the terms of which speak for themselves. Defendant denies the remaining allegations in Paragraph 13 to the extent they purport to apply to BIA.

14.     Defendant admits that following the 1992 CAFO and MOU, Cyprus Amax, among others, conducted an environmental investigation and remediation in Blackwell on behalf of BZC.  Defendant further admits that some levels of zinc and cadmium were found in the soils at the Smelter, as well as in groundwater at the site that is not used for public or private consumption.  Defendant further admits that consent orders were entered into after the primary 1992 CAFO, the terms of which speak for themselves. Defendant denies the remaining allegations in Paragraph 14 to the extent they purport to apply to BIA.

15.     Defendant denies the allegations in Paragraph 15 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15. Accordingly, such allegations are deemed denied.

16.     Defendant denies the allegations in Paragraph 16 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16. Accordingly, such allegations are deemed denied.

17.     Defendant denies the allegations in Paragraph 17 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17. Accordingly, such allegations are deemed denied.

18.     Defendant admits that it is charged with the responsibility of financing, operating, constructing and administering any public works and other projects at the former Smelter property and that it has owned much of the former Smelter property since 1974.  Defendant denies the remaining allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.  Accordingly, such allegations are deemed denied.

20.     Defendant denies the allegations in Paragraph 20 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.  Accordingly, such allegations are deemed denied.

21.     Defendant denies the allegations in Paragraph 21 to the extent they purport to apply to BIA.  Based upon information and belief, Defendant admits that, prior to its involvement at the site, materials from the former Smelter were used offsite in certain applications, including driveways, alleyways, and at the Blackwell High School running track.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.  Accordingly, such allegations are deemed denied.

22.     Defendant denies the allegations in Paragraph 22 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 22. Accordingly, such allegations are deemed denied.

23. Defendant denies the allegations in Paragraph 23 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23. Accordingly, such allegations are deemed denied.

24. Defendant admits that it is aware, based on publicly-available information, that some levels of zinc and cadmium have been detected in groundwater near the former Smelter property; however, Defendant denies that it has any responsibility related thereto. Defendant further admits that as part of the CERCLA-quality cleanup being conducted under the direction of ODEQ and with oversight by EPA, Defendant Freeport-McMoRan Corporation will pay for and construct a groundwater treatment facility in Blackwell to extract zinc and cadmium compounds and that such compounds will be recycled if feasible.  Defendant denies the allegations in Paragraph 24 to the extent they purport to apply to BIA and denies that Plaintiffs have valid claims against BIA.

25. Defendant denies the allegations in Paragraph 25 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to any valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25. Accordingly, such allegations are deemed denied.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.  Accordingly, such allegations are deemed denied.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.  Accordingly, such allegations are deemed denied.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.  Accordingly, such allegations are deemed denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.  Accordingly, such allegations are deemed denied.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.  Accordingly, such allegations are deemed denied.

31.     Defendant denies the allegations in Paragraph 31 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to any valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31. Accordingly, such allegations are deemed denied.

32.     Defendant denies the allegations in Paragraph 32 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to any valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32. Accordingly, such allegations are deemed denied.

33.     Defendant denies the allegations in Paragraph 33 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to any valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33. Accordingly, such allegations are deemed denied.

### III.  Jurisdiction

34.     The allegations in Paragraph 34 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies that this action is properly maintainable as a class action, and denies the existence of any facts that would give rise to any valid cause of action.

35.     Defendant admits it is subject to personal jurisdiction in this Court. Defendant denies the remaining allegations in Paragraph 35 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.  Accordingly, such allegations are deemed denied.

36.     Defendant admits it is subject to personal jurisdiction in this Court. Defendant denies the remaining allegations in Paragraph 36 to the extent they purport to apply to BIA.

37.     Defendant denies that removal of this case to federal court is improper. The remaining allegations in Paragraph 37 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 37.

38.     Defendant admits only that BIA is domiciled in Oklahoma.  To the extent the allegations in Paragraph 38 relate to a defendant other than BIA, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations. Accordingly, such allegations are deemed denied.   Defendant denies the remaining allegations in Paragraph 38.

39.     Defendant denies that removal is improper.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.  Accordingly, such allegations are deemed denied.

## IV.  Venue

40.     Defendant admits that the Petition alleges facts under which venue is proper in this Court as to BIA, but denies the existence of any facts that would give rise to any valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41. Accordingly, such allegations are deemed denied.

41.     The allegations in Paragraph 41 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 41.

42.     Defendant admits that it is a resident of Kay County, Oklahoma, and that the Petition alleges facts under which venue is proper in this Court as to BIA, but denies the existence of any facts that would give rise to any valid causes of action.

43.     The allegations in Paragraph 43 of the Petition relate to defendants other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 43.

## V.  Parties

44.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.  Accordingly, such allegations are deemed denied.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.  Accordingly, such allegations are deemed denied.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.  Accordingly, such allegations are deemed denied.

47.     The allegations in Paragraph 47 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 47.

48.     The allegations in Paragraph 48 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 48.

49.     The allegations in Paragraph 49 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 49.

50.     The allegations in Paragraph 50 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 50.

51.     The allegations in Paragraph 51 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 51.

52.     Defendant admits that it is a public trust organized and existing under the State of Oklahoma, that its principal place of business is located in Blackwell, Oklahoma, and that service of process may be accomplished by serving its executive director. Defendant denies the remaining allegations contained in Paragraph 52.

53.     The allegations in Paragraph 53 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

55.     Defendant denies the allegations in Paragraph 55 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to any valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.  Accordingly, such allegations are deemed denied.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.  Accordingly, such allegations are deemed denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.  Accordingly, such allegations are deemed denied.

## VI.  Plaintiffs' Causes of Action

**A.**      **Plaintiffs Invoke the Discovery Rule.**

58.      The allegations in Paragraph 58 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 58.

59.      The allegations in Paragraph 59 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 59.

60.      The allegations in Paragraph 60 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 60.

61.      Defendant admits that the Smelter has, under the direction of EPA and ODEQ, been the subject of an ongoing CERCLA-quality environmental investigation and remediation action.  Defendant denies the remaining allegations in Paragraph 61 to the extent they purport to apply to BIA.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61.  Accordingly, such allegations are deemed denied.

62.      Defendant denies the allegations in Paragraph 62 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to a valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 62.  Accordingly, such allegations are deemed denied.

63.    Defendant denies the allegations in Paragraph 63 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to a valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63.  Accordingly, such allegations are deemed denied.

64.    Defendant denies the allegations in Paragraph 64 to the extent they purport to apply to BIA, and denies the existence of any facts that would give rise to a valid cause of action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64.  Accordingly, such allegations are deemed denied.

**B.    Count One - Nuisance**

65.    Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 64 with the same force and effect as if set forth in full below.

66.    The allegations in Paragraph 66 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 66 to the extent they purport to apply to BIA.

67.    The allegations in Paragraph 67 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 67 to the extent they purport to apply to BIA.

68.     The allegations in Paragraph 68 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 68 to the extent they purport to apply to BIA.

69.     The allegations in Paragraph 69 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 69 to the extent they purport to apply to BIA.

70.     The allegations in Paragraph 70 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 70 to the extent they purport to apply to BIA.

71.     The allegations in Paragraph 71 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 71 to the extent they purport to apply to BIA.

72.     The allegations in Paragraph 70 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 72 to the extent they purport to apply to BIA.

73.     The allegations in Paragraph 73 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 73 to the extent they purport to apply to BIA.

74.     The allegations in Paragraph 74 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 74 to the extent they purport to apply to BIA.

75.     The allegations in Paragraph 75 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 75 to the extent they purport to apply to BIA.

76.     The allegations in Paragraph 76 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 76 to the extent they purport to apply to BIA.

**C.     Count Two – Trespass**

77.     Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 76 with the same force and effect as if set forth in full below

78.     The allegations in Paragraph 78 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 78 to the extent they purport to apply to BIA.

79.     The allegations in Paragraph 79 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 79 to the extent they purport to apply to BIA.

80.     The allegations in Paragraph 80 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 80 to the extent they purport to apply to BIA.

81.     The allegations in Paragraph 81 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 81 to the extent they purport to apply to BIA.

82.     The allegations in Paragraph 82 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 82 to the extent they purport to apply to BIA.

83.     The allegations in Paragraph 83 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 83 to the extent they purport to apply to BIA.

84.     The allegations in Paragraph 84 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 84 to the extent they purport to apply to BIA.

85.     The allegations in Paragraph 85 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 85 to the extent they purport to apply to BIA.

86.     The allegations in Paragraph 86 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 86 to the extent they purport to apply to BIA.

87.     The allegations in Paragraph 87 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 87 to the extent they purport to apply to BIA.

**D.     Count Three – Strict Liability for Ultra-Hazardous Activity**

88.     Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 87 with the same force and effect as if set forth in full below.

89.     The allegations in Paragraph 89 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 89.

90.     The allegations in Paragraph 90 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 90.

91.     The allegations in Paragraph 91 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 91.

92.      The allegations in Paragraph 92 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 92.

93.     The allegations in Paragraph 93 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 93.

94.     The allegations in Paragraph 94 of the Petition relate to a defendant other than BIA; therefore, no response is required of Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 94.

**E.      Count Four – Unjust Enrichment**

95.     Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 94 with the same force and effect as if set forth in full below.

96.     The allegations in Paragraph 96 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 96 to the extent they purport to apply to BIA.

97.     The allegations in Paragraph 97 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 97 to the extent they purport to apply to BIA.

98.     The allegations in Paragraph 98 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 98 to the extent they purport to apply to BIA.

99.     The allegations in Paragraph 99 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 99 to the extent they purport to apply to BIA.

100.    The allegations in Paragraph 100 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 100 to the extent they purport to apply to BIA.

101.    The allegations in Paragraph 101 constitute legal conclusions as to which no response is required.  However, if a response is deemed required, Defendant denies the allegations contained in Paragraph 101 to the extent they purport to apply to BIA.

## VII.  Class Action Allegations

102.    Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 101 with the same force and effect as if set forth in full below

103.   The allegations contained in Paragraph 103 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

104.   The allegations contained in Paragraph 104 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

105.   The allegations contained in Paragraph 105 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

106.   The allegations contained in Paragraph 106 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

107.   The allegations contained in Paragraph 107 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

108.   The allegations contained in Paragraph 108 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

109.   The allegations contained in Paragraph 109 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

110.   The allegations contained in Paragraph 110 contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendant denies the allegations.  Defendant further denies that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

## VIII.  Prayer

111.   Defendant denies the allegations and request for relief of Plaintiffs and respectfully requests that the Court dismiss Plaintiffs' Petition against BIA.  Defendant further denies that, even if it is held liable, it can be required to respond in damages except as specifically provided for in Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq.*  In particular, under the Act, BIA has sovereign immunity for all claims asserted against it; BIA's liability, if any, is limited as set forth in Okla. Stat. tit. 51, § 154(A); BIA is not subject to any claim for punitive or exemplary damages, pursuant to Okla. Stat. tit. 51, § 154(C); and BIA is not subject to joint and several

liability, and Plaintiffs must prove the specific percentage of liability, if any, directly attributable to BIA, pursuant to Okla. Stat. tit. 51, § 154(G).

### IX.  Jury Demand

112.    Defendant demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

1.    The Petition fails to state a claim upon which relief may be granted against Defendant BIA.

2.    Defendant BIA has sovereign immunity against the claims brought against it by Plaintiffs pursuant to Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq*.

3.    Defendant BIA is not subject to joint and several liability with regard to any claims asserted by Plaintiffs, pursuant to Okla. Stat. tit. 51, § 154(G).

4.    Defendant BIA is exempt from liability for the conduct Plaintiffs allege forms the basis of its liability under a number of exceptions contained within the Governmental Tort Claims Act, including but not limited to the discretionary function exception, Okla. Stat. tit. 51, § 155(5), the exceptions for licensing and/or inspection powers, Okla. Stat. tit. 51, § 155(12), (13), and the exception for remedial actions conducted pursuant to an order of the State of Oklahoma, Okla. Stat. tit. 51, § 155(33).

5.    Defendant BIA's liability, if any, is limited in accordance with the standards prescribed in Okla. Stat. tit. 51, § 154(A).

6.    All of Plaintiffs claims against Defendant BIA are barred, as Plaintiffs failed to provide notice of their claim in accordance with Okla. Stat. tit. 51, § 156.

7.      Plaintiffs' claims are barred by Plaintiffs' lack of standing to prosecute the claims individually or as a class action.

8.      Some or all Plaintiffs are not the real parties in interest as to some or all the claims and damages alleged in the Petition.

9.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and/or the statute of repose.

10.     Plaintiffs' claims are barred in whole or in part by accord, satisfaction, and release.

11.     Plaintiffs' claims against Defendant are barred in whole or in part by the doctrines of laches, waiver, and estoppel.

12.     Plaintiffs' claims against Defendant are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages.

13.     Plaintiffs' claims are barred in whole or in part by the doctrine of assumption of the risk.

14.     Plaintiffs' damages claims are barred in whole or in part by the doctrine of comparative negligence and proportionate responsibility.

15.     Some or all of Plaintiffs' claims are barred by the state-of-the-art doctrine.

16.     Plaintiffs alleged injuries, if any, have been caused by the acts and/or omissions of third parties over whom Defendant had no control or right to control.

17.     Acts and/or omissions of third parties have intervened and superseded any conduct of Defendant, and no act or omission of Defendant has proximately caused any injury to Plaintiffs.

18.     Some or all of Plaintiffs' injuries, if any, were caused by the intervening negligence of a third party.

19.     Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

20.     Plaintiffs' claims, partially or in their entirety, are misjoined in this lawsuit, and should be severed or dismissed.

21.     Plaintiffs' claims are barred by their failure to join indispensable parties and by failure to comply with the entire controversy doctrine.

22.     Plaintiffs' claims are barred in whole or in part by the prior nuisance doctrine.

23.     Some or all of Plaintiffs' claims are barred in whole or in part as they were based upon permitted discharges.

24.     Some or all of Plaintiffs' claims are preempted by federal law, including but not limited to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* (CERCLA).

25.     Some or all of Plaintiffs' claims are preempted by rules or regulations issued pursuant to the authority of the United States of America and/or the State of Oklahoma.

26.     Some or all of Plaintiffs' claims may be barred by the doctrine of coming to the nuisance.

27.     Some or all of Plaintiffs' claims are barred by Defendant's compliance with applicable state and federal laws.

28.     Some or all of Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

29.     Some or all of Plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine and the authority of the Oklahoma Department of Environmental Quality and the United States Environmental Protection Agency.

30.     Some or all of Plaintiffs' claims are not ripe.

31.     Some or all of Plaintiffs' claims are moot.

32.     Some or all of the Plaintiffs do not own or have any possessory interest in property where they are living, and thus have no standing to pursue the claims asserted in the Petition.

33.     Plaintiffs may not recover on the claims pleaded in the Petition because the relief sought is too speculative, remote and/or unforeseeable.

34.     Plaintiffs' claims should be dismissed for failure to join indispensable parties or parties needed for just adjudication of all claims.

35.     Plaintiffs' claims are barred to the extent that they rely upon the retroactive application of statutes, rules, regulations, the common law or standards of conduct, to the extent that such retroactive application is violative of the Constitutions of the United States and the State of Oklahoma.

36.     Plaintiffs' claims for medical monitoring are barred because Oklahoma law does not recognize a cause of action or remedy for medical monitoring.

37.     Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant were in any way the direct or proximate cause of the injuries and damages allegedly sustained by Plaintiffs or their property.

38.     Plaintiffs' claims are barred because any damages allegedly sustained by Plaintiffs were the result of pre-existing or subsequent conditions that are unrelated to the matters at issue.

39.     Plaintiffs' claims are barred because Defendant did not owe any legal duty to Plaintiffs, or if it owed such a legal duty, Defendant did not breach that duty.

40.     Plaintiffs' claim relating to alleged ultra hazardous activity cannot be maintained as a matter of law.

41.     Plaintiffs' claims are subject to the requirement of election of remedies.

42.     Plaintiffs' claims are not properly maintainable as a class action, and Plaintiffs are not proper class representatives.

43.     Defendant is not subject to any punitive or exemplary damages pursuant to Okla. Stat. tit. 51, § 154(C).

44.     Defendant adopts and incorporates by reference any affirmative defense asserted by any other defendant in this action to the extent such affirmative defense applies to BIA.

45.     Defendant denies all allegations in the Petition not specifically admitted herein and reserves the right to amend and/or supplement its Answer and to assert additional Affirmative Defenses that may become relevant or apparent through the course of discovery or otherwise during the course of litigation.

**WHEREFORE,** Answering Defendants pray for relief and judgment against Plaintiffs as follows:

A.      That Plaintiffs taking nothing by reason of the Petition;

B.      That this action be dismissed with prejudice;

C.      That Defendant recovers its fees, costs, and attorneys' fees incurred in connection with this action; and

D.      For such other relief as is proper.

DATED: July 7, 2008

                              Respectfully submitted,

                               /s/ Donald K. Shandy
                              Donald K. Shandy (OBA No. 11511)
                              Phillip G. Whaley (OBA No. 13371)
                              Patrick R. Pearce, Jr. (OBA No. 18802)
                              RYAN WHALEY COLDIRON SHANDY PC
                              900 Robinson Renaissance
                              119 North Robinson
                              Oklahoma City, OK 73102
                              Phone: (405) 239-6040
                              Fax: (405) 239-6766
                              Email: dshandy@ryanwhaley.com

                              - and -

                              James L. Menzer (OBA No. 12406)
                              MENZER LAW OFFICES, P.C.
                              211 West Blackwell Avenue
                              P.O. Box 818
                              Blackwell, OK  74631-0818
                              Phone:  (580) 363-0800
                              Fax:  (580) 363-0801
                              Email: Jim@MenzerLaw.com

                              **Attorneys for DEFENDANT BLACKWELL INDUSTRIAL AUTHORITY**

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

BENJAMIN L. BARNES

MICKY WALSH

ANDREW M. IHRIG

JOHN C. HULL

ROBERT W. IVY

ROBERT H. ALEXANDER, JR.

CHRISTOPHER D. WOLEK

GEORGE GIBBS

GEORGE R. MULLICAN

I hereby certify that on July 7, 2008, I served the attached document by U.S. Mail, first-class, postage prepaid, on the following, who are not registered participants of the ECF System:

Nelson J. Roach
Keith L. Langston
John C. Hull
Kristen Jeanne Pauls
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638

　　　　　　　　　　　　　　 */s/ Donald K. Shandy*
　　　　　　　　　　　　　　 DONALD K. SHANDY