## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BOB COFFEY, ET AL.,                          )
                                             )
                  Plaintiffs,                )
                                             )        NO.  CIV-08-0640-HE
vs.                                          )
                                             )
FREEPORT-MCMORAN COPPER                      )
& GOLD INC., ET AL.,                         )
                                             )
                  Defendants.                )

## ORDER

The court previously remanded this case to state court pursuant to 28 U.S.C. §1447(c), concluding that it lacked subject matter jurisdiction.  Order, April 27, 2009 [Doc. #181]. Defendants immediately filed motions asking the court to reopen the case and stay the effect of the remand order pending their appeal to the Tenth Circuit.  The plaintiffs oppose the motion.

As the clerk of this court has mailed a certified copy of the remand order to the state court clerk, it is questionable whether the court retains jurisidiction to enter a stay of its order as requested by defendants.  *See* 28 U.S.C. § 1447(c); Migis v. Autozone, 2009 WL 690627, at *2 (D.Or. 2009).  The general rule is that once a district court remands a case pursuant to § 1447(c) for lack of subject matter jurisdiction, it lacks the ability to take any further action with respect to it.  *See* Shapiro v. Logistec USA Inc., 412 F.3d 307, 312 (2d Cir. 2005) ("Section 1447(d) establishes that once a section 1447(c) remand order has been mailed to the state court pursuant to the latter section, federal jurisdiction is at an end. Section 1447(c), however, is not self-executing.  This provision creates legal significance in the mailing of a

certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction.") (internal quotations and citation omitted).  The rule is based on §1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.  *Id.* at 310 (quoting § 1447(d)).

Several courts have held, however, that the mailing of a remand order to state court does not divest the district court of jurisdiction when the remand was pursuant to 28 U.S.C. § 1367(c).[1]  *Id.* at 312 ("But if the remand is not on section 1447(c) grounds, and therefore section 1447(d) does not apply, then the mailing of the remand order to the state court does not strip the federal court of jurisdiction."); Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 158-59 (3d Cir. 1998); Thomas v. LTV Corp., 39 F.3d 611, 615-16 (5th Cir. 1994) (district court retained jurisdiction to vacate order remanding claim to state court pursuant to 28 U.S.C. § 1367(c)).  The Fifth Circuit explained that its decision in Thomas was based not just on the fact that"[d]iscretionary remand orders under [§ 1367(c)] are neither based upon a lack of subject-matter jurisdiction nor a defect in the removal procedure under 28 U.S.C. §1447(c), but, "[m]ore importantly," because "discretionary remand orders are not subject to 28 U.S.C. § 1447(d)," which precludes appellate review of remand orders.[2] Thomas, 39 F.3d at 615.

_____

[1]*Section 1367(c) allows district courts to decline to exercise supplemental jurisdiction under certain circumstances over nonfederal claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."*

[2]*There is an exception to § 1447(d) for orders remanding cases pursuant to 28 U.S.C. §1443.*

The remand order here, while based on § 1447(c), is not subject to § 1447(d). 28 U.S.C. § 1453(c)(1). The Class Action Fairness Act of 2005 ("CAFA") gives the federal appellate courts discretionary jurisdiction to review CAFA remand orders. *Id.* The court finds the exemption from § 1447(d) to be determinative as to its authority to stay the remand order. *See generally* Shapiro, 412 F.3d at 310 ("Congress's purpose in thus limiting the ability of federal courts to review orders remanding cases to state court was 'to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues.'") (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351(1976)). "The transmission of the certified order of remand did not divest [this] court of the ability" to stay its decision pending appeal. Shapiro, 412 F.3d at 314.

Having found it has jurisdiction to stay the order, even after remand, the court concludes it is appropriate to exercise that authority here. The CAFA issues referenced in the court's remand order have not been definitively addressed by the Tenth Circuit Court of Appeals and involve somewhat uncharted areas of a relatively new statutory provision. As to at least one such issue, this court reached a conclusion different from that reached by at least some of the courts which have considered it. It is entirely possible that the Court of Appeals may exercise its discretion to consider an appeal in these circumstances. Given the short time allowed under the statute for disposition of any such appeal, *see* 28 U.S.C. §1453(c)(2), the plaintiffs would not suffer significant prejudice from deferring further litigation until the CAFA jurisdictional issue is resolved. The harm to the defendants from

3

simultaneously proceeding with litigation in state court, though likely less than "irreparable," and overall considerations of efficiency in the use of judicial resources suggest a stay is appropriate. *See generally* Homans v. City of Albuquerque, 264 F.3d 1241, 1243 (10th Cir. 2001);10th Cir. R.8.1.

Accordingly, defendants' motions to reopen and for a stay pending appeal [Doc. Nos. 182,184 and 185] are **GRANTED**. This court's order of remand [Doc. #181] is **STAYED** during the pendency of the requested appeal. The clerk of court is directed to send a copy of this order to the District Court of Kay County, State of Oklahoma. Plaintiff's motion to strike [Doc. #186] is **DENIED**.

**IT IS SO ORDERED**.

Dated this _____ day of May , 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE